**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle L Johnson, | No. CV-23-01123-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Michelle L. Johnson ("Plaintiff") filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 15), seeking an award of $7,500.00. Plaintiff's Motion was backed by her Memorandum in Support. (*See* Doc. 16). The Social Security Administration ("SSA") Commissioner (the "Commissioner") filed a Response (Doc. 18) neither supporting nor opposing the award sought.

## I.    Background

Plaintiff filed Applications for Social Security Disability Insurance benefits, claiming a disability onset date of May 26, 2019. (Doc. 1 at 2). These claims were originally denied and denied again on reconsideration. (*Id.*) Ultimately, The ALJ determined that Plaintiff was not disabled under the SSA, which became the final agency decision after it was adopted by the Appeals Council. (*Id.*) Plaintiff then sought judicial review of the ALJ's decision. (*See id.*). On September 7, 2023, the parties filed a Stipulated Motion to Remand, requesting that the Court reverse and remand the ALJ's decision for further proceedings. (*See* Doc. 10). The Court granted the parties' Stipulated

Motion on September 8, 2023.  In accordance with the parties' stipulation, the Court also issued Plaintiff an award of $1,359.57 in attorney fees and costs under the Equal Access to Justice Act ("EAJA").  (Doc. 14).

On remand, Plaintiff received a favorable decision, and, of the awarded amount, $18,635.50 was set aside to pay Plaintiff's representative.  (Doc. 16-1 at 7).  The SSA stated, on their decision, that $18,635.50 represented 25% of Plaintiff's past due benefits.  (Id.)   Therefore, it can be inferred that Plaintiff's total award was approximately $74,542.00.  Pursuant to the fee agreement, Plaintiff's counsel now seeks $7,500.00 in attorney fees.

## II.   Legal Standard

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002).  Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."  42 U.S.C. § 406(b)(1)(A).  Fees are payable out of, and not in addition to, the amount of the past-due benefits.  *Id.*  Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement.  *Gisbrecht*, 535 U.S. at 807–08.

## III.   Discussion

Plaintiff's counsel is seeking $7,500.00 in § 496(b) fees.  (Doc. 16 at 1).  Upon review of Plaintiff's Memorandum, the time expended and the amounts charged by Plaintiff's counsel are reasonable in this case.  First, the fees sought adhere to § 406(b)'s guidelines.  Plaintiff was awarded around $74,542.00 in past-due benefits, and the requested $7,500.00 in attorney fees equals less than 25% of the award.  Second, this

---

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

amount does not contravene the fee agreement which clearly states that Plaintiff's attorney would be entitled to 25% of past-due benefits.  (Doc. 16-2 at 2).  Lastly, the requested fee is reasonable given the contingent-fee agreement because it reflects the nature of the recovery.  (Doc. 16 at 4–5).  Plaintiff's case had a substantial risk of loss because Plaintiff had been repeatedly denied on agency review before the initiating this civil action.  (*Id.*)  In sum, the Court finds that the amount requested is reasonable under *Gisbrecht* and will award Plaintiff $7,500.00 in § 406(b) fees.

Under the present circumstances, however, an offset is necessary.  The Court granted the parties' Stipulation for Attorney Fees under the EAJA and awarded fees in the amount of $1,359.57.  (Doc. 14).  When an attorney receives an award under § 406(b) and the EAJA, the attorney must refund to the client the smaller of the awards.  *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (holding "[w]here the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award").  Given the $7,500.00 award of § 406(b) fees to Plaintiff's counsel, the fees awarded under the EAJA here shall be refunded to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 27) is granted under 42 U.S.C. § 406(b).  Plaintiff's counsel Robin Larkin is awarded $7,500.00 in attorney fees to be paid out of the sum from Plaintiff's past-due benefits.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

Dated this 6th day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge